GEORGE W. HAMMELL, administrator, &c., of Edward H. Stokes, deceased, with the will annexed,

*v.*

MARION H. SWAN et al.

[Filed January 11th, 1901.]

A testator excepted from the residue all bonds and mortgages of every kind whatever that he might have at the time of his decease, and directed his trustee to keep the principal securely invested in good bonds and mortgages on real estate, &c.—*Held*, that certain corporate bonds, secured by general trust mortgages, were excepted from the residue.

On bill for construction of codicil to the will of Edward H. Stokes, deceased.

*Mr. Barton B. Hutchinson,* for the complainant.

*Mr. Garret D. W. Vroom,* for the defendants.

REED, V. C.

The will of Edward H. Stokes was executed February 10th, 1870, and the codicil thereto on November 22d, 1881. Mr. Stokes died February 17th, 1900, possessed of personalty valued at nearly $500,000, of which $327,521.26 was in the shape of bonds, secured by ordinary mortgages upon real estate. These bonds and mortgages were in the possession of deceased at the time of his death.

As a part of his personalty was property which is now the subject of this suit. It comprised, *first,* eighteen first mortgage five per cent. twenty-five year gold bonds of the New York and New Jersey Water Company, bearing date April 20th, 1895. part of an issue of $2,000,000, all secured by a general trust mortgage, made by the New York and New Jersey Water Company to the State Trust Company, as trustee for the bondholders; *secondly,* ten first mortgage five per cent. gold bonds of the Trenton Gas and Electric Company, dated March 1st, 1897, each of which is a part of an issue of $2,000,000, secured by a general trust mortgage, given by the Trenton Gas and Electric Company to the Colonial Trust Company, as trustee for the bondholders; *thirdly,* four first mortgage six per cent. gold bonds of the Newark Gas Company, dated September 3d, 1895, being a part of a series of $4,000,000, secured by a general trust mortgage, made by the Newark Gas Company and Orange Gas Light Company to Eugene Vanderpool, Marcus L. Ward and Andrew Kirkpatrick, trustees for the bondholders.

The question submitted is whether these three classes of bonds form a part of the trust created by the tenth clause of the codicil, or fall into the residue, under the sixteenth clause of the will.

By the sixteenth clause of the will the testator devises and bequeaths to his wife, Parmelia Sargent Stokes, all the residue of his estate not otherwise bequeathed.

The tenth clause of the codicil reads thus:

"*Tenth.* Whereas, by clause sixteenth, of my above mentioned last will and testament, I did give, devise and bequeath to my wife, Permelia Sargent Stokes, all of the residue of my estate not otherwise mentioned in this my last will and testament, after paying therefrom the legacies and other matters before named in this my last will and testament,

including my funeral charges, and what expenses that may accrue in my sickness. Now, therefore, I do hereby except from the said residue of my estate all bonds and mortgages of every kind whatever that I may have at the time of my decease, and the same I do dispose of as follows:

"I give and bequeath all bonds and mortgages not hereinbefore mentioned and otherwise disposed of, to Lewis Parker, Jr., in trust, nevertheless, to receive the interest and income arising therefrom, and to pay the same half-yearly to my children, Marion H. Stokes, Edward A. Stokes and John W. Stokes, in equal shares, for and during the term of their natural lives, and upon the decease of any or all of my said children then to pay the equal one-third part of the said principal sum to their surviving lawful heirs. And it is my will that my said trustee shall keep the said principal sum securely invested in good bonds and mortgages, on real estate within the State of New Jersey only, worth at least double the amount invested thereon."

It is quite clear that the testator did not include in the exception bonds unless secured by mortgages; the descriptive words couple the two in a way which is well understood as meaning bonds each of which was secured by a mortgage. These corporation bonds secured by a general trust mortgage were not in the mind of the testator at the time of the execution of the codicil, for they were, according to date, issued thereafter. That, however, makes no difference, if they are included in the following language: "Bonds and mortgages of every kind I may have at the time of my decease." These were bonds secured by a mortgage.

But it is insisted that the directions given to the trustee, to whom they were bequeathed, indicate that these bonds are not of the kind which was in the mind of the testator. After power given to the trustee to collect and disburse the income from these mortgages, the testator directs his trustee to keep the principal sum securely invested in good bonds and mortgages on real estate within the State of New Jersey, worth at least double the amount invested thereon. The argument is that the use of the word "keep" indicates that the principal is to be invested by the trustee in the same kind of securities it was invested in at the time of the testator's death; therefore, as it was to be kept invested in ordinary real estate mortgages, it was the principal of such mortgages he had in mind in drafting the exception.

Now, it is to be observed, that the use of the word "keep" may mean the preservation of a certain condition in the future. Directions to a person to keep his money invested does not necessarily mean that it is already or has been invested; it may mean that it is to be invested, and the investment is to be continued as uninterruptedly as possible. If some of the bonds owned by the testator had been secured by mortgages upon real estate, worth less than twice the amount of the sum invested, or had been invested upon real estate elsewhere than in New Jersey, no one, I presume, would insist that those bonds and mortgages were excluded from the exception, on the ground that the principal was to be kept secured by the mortgages upon real estate in New Jersey and worth at least double the amount invested thereon. Yet, it is perceived, that the same argument could be employed—less forcibly, yet still employed—in insisting that bonds owned by the testator, at the time of his death, upon real estate elsewhere, or upon real estate worth less than twice the amount invested, would fall into the residue and not into the trust estate.

I am constrained to the conclusion that the three classes of corporation bonds go to the complainant, as trustee.